The State, ex rel. Baker, *v.* Hasler et al.

(No. 9249—Decided October 25, 1962.)

*Mr. Allen Brown,* for relator.
*Mr. Ernest W. Stockmeier* and *Mr. John Lloyd,* for respondents.

Hildebrant, J. Relator, as an individual citizen, freeholder and taxpayer, filed this action in mandamus in this court to compel the Mayor and the Solicitor of the village of Elmwood Place, Ohio, to remove a sign, affixed to the City Hall of that village, supporting a candidate for governor.

Respondents demurred to the petition on two grounds, viz:

"1. That the plaintiff-relator has no legal capacity to sue.

"2. That relator's petition does not state facts which entitle him to relief in mandamus."

The cause was presented to this court upon the demurrer and was argued by counsel.

Section 2731.01, Revised Code, defines mandamus as follows:

"Mandamus is a writ, issued in the name of the state to an inferior tribunal, a corporation, board, or person, commanding the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station."

Under the above statute, the act sought to be compelled by mandamus must be one "which the law specially enjoins as a duty" resulting from an office, trust, or station. The writ is not available to command performance of an implied power only, and this court cannot first create the duty and then compel its performance.

We, therefore, feel the petition herein does not state facts sufficient to justify the granting of the writ.

*Writ denied.*

Long, P. J., concurs.

Keefe, J., concurring. The first ground of the demurrer to the petition is not well taken. I believe the relator had legal capacity to bring this action. With reference to the second ground, the relator in his petition has not established a clear right to the extraordinary writ of mandamus. In order to justify the issuance of the writ, a clearly defined legal duty on the respondents must be enjoined by law. None is spelled out either in the petition or prayer.

I agree with my colleagues that the demurrer must be sustained, the writ denied, and final judgment entered for respondents. However, in my estimation, regardless of the fact that a writ of mandamus cannot issue here, for public officials to allow or sponsor the display of any candidate's campaign sign urging his election on a public building proper is extremely bad judgment and in poor taste. The attorneys representing the parties maintain that there is no statute in this state prohibiting such a practice. The subject seems to me to be one of public interest, and the Ohio Legislature ought to consider enactment of an appropriate statute prohibiting such practice.